MEMORANDUM DECISION AND JUDGMENT ENTRY.[1]
[1] We have sua sponte removed this case from the accelerated calendar.
Defendant-appellant Timothy L. Stone entered an Alford
plea[2] to one count of burglary (third-degree felony), one count of robbery (third-degree felony), and two counts of aggravated assault (fourth-degree felonies) for incidents that occurred on August 10, 1997. Each count had a one-year gun specification. Under a plea agreement, Stone agreed that he would be sentenced to a total of two years' incarceration for these offenses. The trial court confirmed the plea agreement, but it warned that Stone could face more jail time if he failed to appear at his scheduled sentencing hearing.
Stone did not appear at the sentencing hearing. A warrant was issued, and Stone ultimately surrendered to the police. At a rescheduled hearing, the court sentenced Stone to three years' incarceration for the burglary count, three years for the robbery count, and one year for each aggravated-assault count. The terms for the burglary count, the robbery count, and one of the aggravated-assault counts were to be served consecutively, with the sentence for the other aggravated-assault count to be served concurrently. Also, one of the one-year terms for the gun specifications was to be served consecutively, with the other three terms to be served concurrently. In total, Stone was sentenced to eight years' incarceration.
Stone now appeals his sentence.[3] In his sole assignment of error, he asserts that his sentence is excessive and does not comply with Ohio's sentencing guidelines. We agree.
To begin, we note that the state argues that this appeal should be dismissed because Stone did not seek leave to appeal from this court. Although an appellant must seek leave to appeal in certain cases,[4] leave to appeal is not necessary when an appellant has an appeal as a matter of right. Here, Stone's appeal asserts that his sentence was contrary to law, which is a ground for an appeal as a matter of right.[5] Thus, his appeal is properly before us.
Turning to the merits of this appeal, Stone argues that the court's sentence did not comply with the guidelines and procedures set forth under R.C. 2929.11 through 2929.14. Stone challenges his sentence in general, but he concentrates on the court's imposition of consecutive sentences. R.C. 2929.14(E)(4) provides various criteria for imposing consecutive sentences for multiple offenses. A court must find that consecutive sentences are necessary to protect the public or to punish the defendant. The court must also find that consecutive sentences are not disproportionate to the seriousness of the defendant's conduct and the danger the defendant poses to the public. Finally, the court must find that the defendant was under some form of court control when he committed the offenses, that the physical harm he caused was so great or unusual that a single term would not satisfy the seriousness factor, or that his criminal history indicates a need to protect the public. When the court imposes consecutive sentences, it must make findings that support its decision.[6]
If a defendant appeals his sentence, an appeals court "may increase, reduce, or otherwise modify * * * or may vacate the sentence and remand the matter to the trial court for resentencing if the court clearly and convincingly finds * * * [t]hat the record does not support the sentence."[7]
Here, at the sentencing hearing, the trial court, which did not complete a sentencing worksheet, did not verbalize its reasons for imposing consecutive sentences. At a hearing on a motion to reconsider Stone's sentence, the court explained why it imposed consecutive sentences. It explained that Stone had a gun on August 10, 1997, that shots had been fired, and that lives had potentially been in danger. It also pointed out that Stone had a prior felony conviction. (The court did not specifically describe the prior conviction. From our review of the court's earlier sentencing hearing, where Stone's prior convictions were discussed in more detail, we assume that the court was referring to a prior conviction on a weapons charge.) Although these findings were certainly better than the lack of findings given at the sentencing hearing, we hold that they fell short of the requirements under R.C. 2929.14(E) to impose consecutive sentences.
We also stress that the court explained that it had based its sentence, in part, on the fact that Stone had originally failed to appear at his scheduled sentencing hearing. (The state had previously suggested to the court, "[T]he only question that I feel that the Court should have is what punishment, or extra punishment, should [Stone] receive over the two years [of the original plea agreement] for not appearing as he promised * * *.") Based on this court's holding in State v. Johnson[8]
— that the current sentencing guidelines do not permit a court to enhance a sentence as a punishment for a defendant's failure to appear for sentencing — we conclude that the court erred by basing its sentence on Stone's failure to appear at his original sentencing hearing.
Although this court understands the trial court's action, and finds nothing logically objectionable, we must follow the legislative guidelines. Under those guidelines, the sentence here was improper because Stone's failure to appear should not have been factored into the court's decision to impose consecutive sentences or into its decision regarding the length of Stone's sentence in general. As it is not directly presented here, we leave for another day the effect of the original plea bargain, and its seeming breach by Stone by his nonappearance.
Therefore, we vacate the sentence and remand this case to the trial court with instructions to consider the sentencing factors under Ohio's guidelines — both as to whether consecutive sentences should be imposed and as to the length of Stone's sentence in general. Upon reconsideration of the evidentiary material, the court should make the appropriate findings for our sentence review.
And the Court, being of the opinion that there were reasonable grounds for this appeal, allows no penalty. It is further Ordered that costs be taxed in compliance with App.R. 24, that a copy of this Memorandum Decision and Judgment Entry shall constitute the mandate, and that said mandate shall be sent to the trial court for execution pursuant to App.R. 27.
Sentence vacated and cause remanded.
Hildebrandt, P.J., concurs separately.
Shannon, J., concurs.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[2] North Carolina v. Alford (1970), 400 U.S. 25, 91 S.Ct. 160
(a defendant who maintains his or her innocence may, nevertheless, plead guilty to the offense with which he or she is charged).
[3] We have sua sponte removed this case from the accelerated calendar.
[4] See R.C. 2953.08(C).
[5] See R.C. 2953.08(A)(4); State v. Crowder (Dec. 7, 1998), Licking App. No. 98-CA-87, unreported (appeal as matter of right when appellant claimed that court did not make findings to impose consecutive sentences).
[6] R.C. 2929.19(B)(2)(c).
[7] R.C. 2953.08(G)(1)(a).
[8] (Oct. 23, 1998), Hamilton App. Nos. C-980013 and C-980014, unreported.